B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Pablo Lopez Baez | **DEFENDANTS**<br>Ridel Alegre Fernandez Rosado<br>Wilfredo Segarra--Trustee |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ricardo Agrait Defillo<br>Po Box 194681<br>San Juan PR 00919-4681/787-753-8354 | **ATTORNEYS** (If Known)<br>Ramon F. Lopez Rivera<br>PO Box 34173<br>FT Buchanan PR 00934/787-276-0196 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

Stamp: 2008 FEB 27 PM 12:56 — U.S. BANKRUPTCY COURT FOR THE DISTRICT OF

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor obtained oil painting by Alfonso Arana by false pretenses, false representation, causing damage to plaintiff owner of the oil painting by Arana. 11 U.S.C. section 523

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Ridel Algre Fernandez Rosado | BANKRUPTCY CASE NO.<br>07-05871-ESL | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE | NAME OF JUDGE<br>Enrique Lamoutte | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF Osiris Delgado<br>Emma Teresa Benitez | DEFENDANT<br>Ridel Alegre Fernandez | ADVERSARY PROCEEDING NO.<br>08-00016 | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Puerto Rico | DIVISION OFFICE | NAME OF JUDGE<br>E. Lamoutte | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Ricardo Agrait Defillo/* | | | |
| DATE<br>February 27, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ricardo Agrait Defillo | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED CASHIER 1  2008 FEB 27 PM 12:54  U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: Ridel Alegre Fernández Rosado<br>XXX-XX-3532<br>Debtor | Case No. 07-05871 ESL<br><br>Chapter 7 |
| Pablo López Báez<br>Plaintiff<br>v.<br><br>Ridel Alegre Fernández Rosado<br>Wilfredo Segarra (Trustee)<br>Defendant | Adversary Proceeding No.<br><br>Objection to Discharge<br>11 U.S.C. §523(a)(2)(A) |

**COMPLAINT FOR DETERMINATION THAT DEBT IS NONDISCHARGEABLE**

To The Honorable Court:

Comes now plaintiff Pablo López Báez through the undersigned attorney and respectfully alleges and prays:

1. This Court has jurisdiction under 11 U.S.C. §523 and 28 U.S.C. §1334 and 157. This adversary proceeding is a core proceeding, under 28 U.S.C. §157 (b), arising under Title 11 U.S.C. and arising in the above-referenced case under Chapter 7 of the Bankruptcy Code, now pending before this court.

2. That on October 10, 2007, defendant Ridel Alegre Fernandez Rosado filed his petition in bankruptcy and an order for relief was entered. The petition was filed under case number 07-05871-ESL. In the petition debtor's address appears as Urb. Villa Nevarez, 310 Calle 32, San Juan, PR, 00927.

3. Wilfredo Segarra Miranda was appointed trustee and Ramon Lopez Rivera appears as counsel for debtor.

4. Plaintiff's claim against defendant is not dischargeable under 11 U.S.C. §523(a)(2)(A).

**PARTIES**

5. Plaintiff Pablo Lopez Baez is listed as an unsecured creditor in the voluntary petition filed by defendant under Chapter 7 of the Bankruptcy Code.

6. Defendant Ridel Alegre Fernandez Rosado is an art dealer who operated an art gallery under the name Galeria Ridel in Rio Piedras, Puerto Rico. Defendant Wilfredo Segarra was appointed trustee in the petition under Chapter 7. He was included as defendant in his capacity as trustee.

## FACTS

7. On August 23, 2006 plaintiff entered into a consignment agreement with defendant.

8. The object consigned was an oil painting by Alfonso Arana.

9. According to the written agreement signed by defendant the value of the oil painting was $10,000 dollars.

10. At the time of the consignment defendant promised plaintiff payment of $10,000 dollars immediately after selling the consigned painting.

11. Defendant also promised that the $10,000 dollars would come from the sale of the painting.

12. At the time of the consignment contract, defendant had no intention of keeping his promise to plaintiff and knew that such promise was false.

13. Defendant maliciously concealed from plaintiff his intention to make use of the proceeds of the sale for his own benefit and to satisfy previous debts.

14. During the meeting of creditors, plaintiff stated that he operated in a **"torna"** or restitution and payment for previous, older debts.

15. Defendant deceived plaintiff into surrendering in consignment the oil painting.

16. Plaintiff reasonably relied on the promise made by defendant and determined that there was no risk to him since he would be paid from the proceeds of the sale and in case the painting was not sold, he could retrieve it.

17. But defendant concealed that he was running his gallery as a **Ponzi scheme** in which profits are promised and early consignors are paid with funds raised from the sale of paintings from later consignors.

18. Although plaintiff consigned the painting, he retained all documents relating to ownership pending sale.

19. Defendant surrendered control of the painting to third parties, not participants in the consignment agreement, in lieu of payment for earlier gallery debts.

20. Having used the consigned painting to pay earlier, unrelated debts, defendant did not pay plaintiff the agreed amount of $10,000 dollars.

21. On January 16, 2007, plaintiff filed a complaint against defendant in the Commonwealth Courts under case number K1CD2007-0083.

22. Parties agreed to a settlement of $12,000 dollars and on July 17, 2007 the Court issued judgment.

23. Defendant failed to make payment to plaintiff and filed a petition under Chapter 7 of the Bankruptcy Court.

24. As a direct and proximate result of said conduct upon the part of the defendant, plaintiff suffered a loss of property consisting of an oil painting by Alfonso Arana with a monetary loss of $10,000 dollars.

**WHEREFORE**, plaintiff prays that this court determine that the debt of defendant to plaintiff for $12,000 dollars is nondischargeable in bankruptcy because property was obtained under false pretenses and false representation; prays for

attorney fees and costs in the amount of $3,000 dollars; and prays for such other and further relief as is just and proper.

Respectfully submitted, this 27th day of February of 2008.

Ricardo Agrait Defilló
USDC-PR 216511
PO Box 194681
San Juan, PR 00919-4681
Tel/Fax 787-753-8354
rimagrad@yahoo.com

**Certificate of Service**: that a true and correct copy was served by First Class United States mail, postage fully pre-paid address to:

Ridel Alegre Fernández Rosado
Urb Villa Nevárez
310 Calle 32
San Juan, PR 00927

Ramón López Rivera
PO Box 34173
Ft. Buchanan, PR 00934
rlcar@caribe.net

Monsita Lecaroz Arribas
Office of the US Trustee
Ochoa Building
500 Tanca St., Suite 301
San Juan, PR 00901
Ustpregion21,hr,ecf@usdoj.gov

Wilfredo Segarra Miranda
PO Box 9023385
San Juan, PR 00902-3385
segarralaw@prtc.net