IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 07-05871 (ESL)

RIDEL ALEGRE FERNANDEZ ROSADO :            CHAPTER 7

    Debtor                                :

_____            :

PABLO LOPEZ BAEZ                          :        ADVERSARY NO. 08-0029

    Plaintiff                             :

vs.                                       :

RIDEL ALEGRE FERNANDEZ ROSADO :

    Defendant                             :

_____           :

## OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed by Ridel Alegre Fernández Rosado (the "Defendant") on December 14, 2008 (Docket No. 28) alleging that this action is time barred pursuant to Fed. R. Bankr. P. 4004 (b) and 4007(c) and that the Order entered by the court on January 15, 2008 (Docket No. 31 in lead case No. 07-05871)[1] was unduly entered and granted. Dr. Pablo López Baez (the "Plaintiff") filed an opposition to the motion to dismiss on December 31, 2008 (Docket No. 35). For the reasons set forth below the motion to dismiss is granted.

### Facts and Procedural Background

Defendant Ridel Alegre Fernández Rosado filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code on October 9, 2007. Plaintiff was scheduled as an unsecured creditor and included in the master address list. Plaintiff was duly notified of the filing of the bankruptcy case, the date of the 341 meeting and the deadline to file objections to the discharge and to the dischargeability of debts. The 341 meeting of creditors was initially scheduled for November 1, 2007 (Docket No. 4 in

---

[1]References to the lead case are to the entries and documents filed in the bankruptcy case, case number 07-05871(ESL).

lead case). The meeting of creditors was rescheduled to November 15, 2007 (Docket No. 7 in lead case); and subsequently continued to December 13, 2007 (Docket No. 12 in lead case) and January 10, 2008 (Docket No. 20 in lead case). The deadline to file objections to the discharge and the dischargeability of debts was December 31, 2007 (Docket No. 4 in lead case).

On December 18, 2007 the U.S. Trustee filed a motion to extend the deadline to file objections to the discharge pursuant to the provisions of the Bankruptcy Code, 11 U.S.C. §§707(b)(1), 707(b)(3) and 727 (Docket No. 15 in lead case). The court granted the U.S. Trustee's motion on December 19, 2007 (Docket No. 16 in lead case). On December 31, 2007 creditor Juan Botello filed a motion requesting an extension to file a complaint objecting to the debtor's discharge (Docket No. 23 in lead case). The court granted Juan Botello's motion on January 1, 2008 (Docket No. 24 in lead case).

On January 8, 2008 Plaintiff in conjunction with Dr. Osiris Delgado and Emma Teresa Benítez, filed a motion captioned "Motion Requesting Amendment to Order Extending Deadlines to File Objections to Dischargeability"(Docket No. 27 in lead case). The motion prayed that "the orders extending the deadlines to file objections to discharge be amended to be extensive to all creditors and that any such objections be filed on or before February 29, 2008." The court granted the motion filed by Plaintiff on January 15, 2008 (Docket No. 31 in lead case).

On February 27, 2008, Plaintiff filed the present adversary proceeding alleging that the debt owed by Defendant to Plaintiff is not dischargeable under the provisions of 11 U.S.C. §523(a)(2)(A). On March 27, 2008, Defendant submitted a motion requesting an extension of 45 days to answer the complaint to be computed from the due date (March 27, 2008) to answer such complaint (Docket No. 6). The court entered an Order granting the extension to answer the complaint on March 31, 2008 (Docket No. 7). On August 9, 2008 Defendant filed a motion requesting an additional extension of time of 30 days to answer any pending matters in this case, including the complaint (Docket No. 12). The court entered an Order granting the additional extension of time to answer any pending matters on August 15, 2008 (Docket No. 15). Defendant filed the answer on September 2, 2008 (Docket No. 23). On November 25, 2008, Plaintiff filed a motion for leave to amend complaint (Docket No. 27). Subsequently, on December 30, 2008 Defendant filed its answer to the amended complaint (Docket

2

No. 34).

On December 14, 2008 Defendant filed a "Motion to Dismiss Complaint" (Docket No. 28) alleging that Plaintiff's action is time barred by Fed. R. Bankr. P. 4004(a) and 4007 (c), which must be read in conjunction with Fed. R. Bankr. P. 9006(b)(3). Thus, Defendant sustains that the order entered by the court on January 15, 2008 (Docket No. 31 in lead case No. 07-5871) was unduly entered and granted. The Plaintiff filed an opposition to the motion to dismiss on December 31, 2008 (Docket No. 35) in which he argues that the other creditors could rely on previous court orders granting the separate and independent requests for time extensions filed by the U.S. Trustee and Juan Botello (unsecured creditor) to file objections to the discharge within the time limits established by Fed. R. Bankr. P. 4004(a) and 4007(c) despite the fact that Plaintiff did not participate in these previous motions to request an extension of time.

Applicable Law and Analysis

*Extension of Time to File a Complaint Objecting to Debtor's Discharge or Dischargeability of Debts in a Chapter 7 Liquidation*

Fed. R. Bankr. P. 4004(a) and 4007(c) establish a sixty (60) day time limit within which a creditor may file a complaint to dispute the discharge of the debtor under §727(a) of the Bankruptcy Code and the dischargeability of debts under §523(c) of the Bankruptcy Code in Chapter 7 cases. This time limit begins to run from the first date set for the meeting of creditors under §341(a) of the Bankruptcy Code. Fed. R. Bankr. P. 4004(a) and 4007(c). In addition, Fed. R. Bank. P. 9006(b)(3) limits the bankruptcy court's discretion in certain circumstances by providing, inter alia, that a bankruptcy court may enlarge the time for filing a complaint under 4004(a) and 4007(c) to the extent and under the conditions permitted under such rules. See Fed. R. Bankr. P. 9006(b)(3); Vazquez v. Cruz (In re Cruz), 323 B.R. 827, 831 (Bankr. D. PR. 2005). In this particular adversary proceeding, the Plaintiff is objecting to the discharge of a particular debt under the provisions of §§523(a)(2)(A) and 523(a)(4), thus the applicable rule is Fed. R. Bank. P. 4007(c).

There is "almost universal agreement that the provisions of Fed. R. Bankr. P. 4007(c) are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint". In re Alton, 837 F. 2d 457, 459 (11th Cir. 1988) quoting In re Maher,

3

51 B.R. 848, 852 (Bankr. N.D. Iowa 1985) (and cases cited therein). Thus, Rule 4007( c) precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to the dischargeability of a debt. Lure launchers, LLC v. Spino, 306 B.R. 718, 721(B.A.P. 1st Cir. 2004); Vazquez v. Cruz (In re Cruz), 323 B.R. 827, 831 (Bankr. D. PR. 2005); Hecht v. Hatch (In re Hatch), 175 B.R. 429, 434 (Bankr. D. Mass. 1994); In re Gray, 156 B.R. 707, 710 (Bankr. D. Me. 1993). Courts have extended the deadline absent a timely filed motion under extraordinary circumstances. These exceptional circumstances generally encompass situations in which the court has made a mistake in setting the deadline or where notice of the deadline has not been furnished to a party in interest. See Nicholson v. Isaacman (In re Isaacman), 26 F. 3d 629 (6th Cir. 1994); In re Tatum, 60 B.R. 335, 337 (Bankr. D. Colo. 1986). These extraordinary circumstances are not present in the case at hand.

Fed. R. Bankr. P. 4004(b) provides that a court for cause may extend the filing deadline to file a complaint objecting to discharge under §727(a) of the Bankruptcy Code if the motion is filed before the time has expired. Fed. R. Bankr. P. 4004(b). There are five basic requirements to Rule 4004(b): (1) that a motion be filed; (2) by a party in interest; (3) that the order be entered after hearing on notice; (4) that the extension be for cause; and (5) that the motion be filed before the time has expired. In re Amezaga, 192 B.R. 37, 40 (Bankr. D. PR 1996). Thus, "a clear and affirmative action is necessary, meaning that a motion must be filed by a party in interest; that is, absent extraordinary circumstances compelling an order under 11 U.S.C. § 105(a), the court may not act sua sponte. The motion for extension must be filed before the period has expired because Rule 4004(c) and 11 U.S.C. §727(a) expressly state that the Court shall forthwith grant a discharge upon the expiration of the time fixed for filing a complaint objecting to discharge." In re Amezaga, 192 B.R. at 40. See also In re Moss, 289 F.3d 540, 542 (8th Cir. 2002).

Plaintiff in his "Opposition to Dismiss Complaint" cites the case of In re Demos, 57 F. 3d 1037 (11th Cir. 1995) to sustain that creditors may rely upon an order of the court granting an extension of time for filing nondischargeability complaints even if the creditors did not participate in the motion. Plaintiff's reliance is misplaced because in Demos the motion requesting that an extension of time be granted was not filed pursuant to Fed. R. Bankr. P. 4004 but under §105 of the

4

Bankruptcy Code. In addition, the debtor and the trustee in <u>Demos</u> filed such motion specifically requesting the court to exercise its equitable powers to extend the time for filing complaints primarily for two reasons. The first being the problems that had arisen due to the large number of creditors involved in the bankruptcy and the second the possibility that the debtor's attorney might not be able to attend the 2004 examination of the debtor. <u>In re Demos,</u> 57 F. 3d at 1039.

Plaintiff also cites the case of <u>In re Watkins</u>, 365 B.R. 574 (Bankr. W.D. Pa. 2007) to sustain his argument that the court has discretion to extend the deadlines to all creditors based on a motion by a single creditor. However, the circumstances surrounding the extension to file dischargeability complaints in <u>Watkins</u> are very different from the situation at hand, specifically because of the prior hearing that had been conducted in which the Trustee indicated that a Rule 2004 examination was going to be conducted and that this in itself constituted sufficient cause to extend the time to file dischargeability complaints for all creditors. <u>See In re Watkins</u>, 365 B.R. at 577. In addition, the order issued by the court granting an extension of time did not specify a particular movant. This court finds that the circumstances of this case are very particular and only conform to that particular case, and thus are inapplicable to this adversary proceeding.

In this adversary proceeding, the orders granting the extension of time which were requested by the U.S. Trustee and Juan Botello specified that the extensions were granted to the particular movants requesting the same. When an interested party obtains an extension of time from the court, the extension applies only to the party who requested the same. <u>See In re Demos</u>, 57 F. 3d at 1039. "Absent (1) an express finding that all creditors of the particular debtor need an extension, and (2) that this universal extension is based on some "cause" by which all creditors in general have a need for an extension of time, the language of rule 4007(c) does not appear to permit the bankruptcy court to grant an extension to nonmoving parties. In addition, the moving creditors' motions cannot reasonably be interpreted as requesting a general extension." <u>Burger King Corporation v. B-K of Kansas, Inc.</u>; 73 B.R. 671, 674 (D. Kan. 1987); <u>See also In re McCord</u>, 184 B.R. 522, 524 (Bankr. E.D. Mich. 1995); <u>In re Floyd</u>, 37 B.R. 890, 893 (Bankr. N.D. Tex. 1984); <u>In re Overmyer</u>, 24 B.R. 437 (Bankr. S.D. N.Y. 1982). Consequently, if a creditor and/or the U.S. Trustee has obtained an extension of time to file a complaint objecting to the discharge, a creditor that has not obtained a

similar extension cannot file such complaint. Alan N. Resnick and Henry J. Sommer, 9 Collier on Bankruptcy ¶ 4004.03 (15th ed. 2008).

*Time-Barred Defense/Application of Waiver*

In Kontrick v. Ryan, 540 U.S. 443, 447, 124 S. Ct. 906, 910, 157 L. Ed. 2d 867 (2004), the Supreme Court held that the time limits under Fed. R. Bankr. P. 4004 are not jurisdictional and that a debtor forfeits his or her right to rely on the time limits under said Rule if the same does not raise the Rule's time limitations before the court reaches the merits of the creditor's objections. The same time prescriptions apply to complaints objecting to the dischargeability of a particular debt in accordance with 11 U.S.C. §523(c). Kontrick v. Ryan, 540 U.S. at 448 n. 3, 124 S. Ct. at 912 n.3, 157 L. Ed. 2d at 875, n.3. The Supreme Court also concluded that, "... the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." Kontrick v. Ryan, 540 U.S. at 454, 124 S. Ct. at 914, 157 L. Ed. 2d at 879. Bankruptcy Rules 4004(a) and (b) and 9006(b)(3) serve three primary purposes, namely, (1) inform the objecting creditor of the time for filing a complaint; (2) instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements; and (3) provide the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits. Kontrick v. Ryan, 540 U.S. at 456, 124 S. Ct. at 916, 157 L. Ed. 2d at 880.

Under the Bankruptcy Rules as well as under the Federal Rules of Civil Procedure, a defense is lost if it is not included in the answer or amended answer. See Fed. R. Bankr. P. 7012(b) ("Rule 12(b)-(I) Fed. R. Civ. P. applies in adversary proceedings"). "... [T]he timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or responsive pleading." In re Santos, 112 B.R. 1001 (B.A.P. 9th Cir. Cal. 1990) citing In re Kleinoeder, 54 B.R. 33, 34-35 (B.R. N.D. Ohio 1985); See Fed. R. Civ. P. 8(c). In determining whether a failure to timely raise a limitations defense should constitute a waiver, a court should consider the following factors: "(i) the obviousness of the defenses's availability; (ii) the stage at the proceeding at which the defense is raised; (iii) the time which has elapsed between the filing of the answer and the raising of the defense; (iv) the amount of time and effort expended by the plaintiff in the case at the time the defense is

6

raised; and (v) the prejudice resulting to the plaintiff which would result from allowing the defense to be asserted." In re Kleinoeder, 54 B.R. at 35.  In this adversary proceeding, the Defendant raised as an affirmative defense the untimeliness of Plaintiff's complaint in his answer to the complaint and to the amended complaint.  Thus, the defense was timely and presented before reaching the merits of the complaint, as amended. Therefore, Kontrick is inapposite in this respect.  The order granting Plaintiff's request that the orders extending the deadlines to file objections to discharge be amended to be extensive to all creditors cannot, and will not, be construed as an order denying *ex ante* any affirmative defense the defendant may have, such as the one subject of the motion to dismiss before the court, that is, that the action is time barred.

Although the deadlines to object the discharge or the dischargeability of a debt set forth in Bankruptcy Rules 4004 and 4007 are the same, Bankruptcy Rule 4004 focuses on debtor's general discharge under section 727, while Bankruptcy Rule 4007 addresses the dischargeability of particular debts under section 523.  Discharges under section 727 are a right under the exclusive jurisdiction of the bankruptcy court.  Whenever a bankruptcy court denies the debtor a discharge, all of the debtor's debts and obligations are denied a discharge and survive bankruptcy.  Thus, if the discharge is denied there is no need for any particular creditor to object to the dischargeability of its debt since the remedy is included in the denial of the discharge.  The provisions in section 523 and Rule 4007 come into play when a particular creditor wants to object to the dischargeability of its particular debt.

Rule 9006(b)(3), Fed. R. Bankr. P. 9006, provides that the court may not enlarge the time to file a complaint to object the dischargeability of a particular debt for any cause outside the provisions of Rule 4007 (c) , which provides that the motion must be filed before the time has expired. Fed. R. Bankr. P. 4007 (c).

Plaintiff in the motion captioned "Motion Requesting Amendment to Order Extending Deadlines to File Objections to Dischargeability" specifically requested the following in the prayer for relief, "[I]n view of the above, it is requested that the orders extending the deadlines to file objections to discharge be amended to be extensive to all creditors and that any such objections be filed on or before February 29, 2008." (p. 2 of motion). The order issued by the court with respect to this particular motion specifically stated the following, "[T]he motion filed by Ricardo Agrait Defillo

on behalf of Pablo Lopez Baez requesting extension of time amendments to Order Extending Deadlines to File Objections to Dischargeability on or before February 29, 2008 (docket #27) is hereby granted. It is so ordered." The order issued by the court specifically granted that the orders extending the deadlines to file objections to discharge objections be amended to be extensive to all creditors. However, the order from the court did not grant an extension of time to Plaintiff to file objections to dischargeability, given that such request was not included in the prayer of relief of Plaintiff's motion. The motions which were granted by the court specifically requested an extension of time to file objections to discharge, not to the dischargeability of a debt. The prayer in the motion, rather than its title, controls. Therefore, to the extent that this court's order may have been relied upon by plaintiff as extending his time to object to the dischargeability of his particular debt, the reliance was misplaced in light of the prayer of the motion(s). Moreover, the order, even if in answer to a prayer to extend the time to file complaints objecting the dischargeability of a debt, would have been an abuse of discretion as it was based upon an untimely request over which this court had no discretion to grant, except for unusual circumstances, which were not present in this case. [2]

Although Rule 4007 is not jurisdictional, the bankruptcy court does not have unfettered discretion to extend the deadlines in the same, including the requirement that any request to extend the deadline must be made before the time has expired. In re Eaton, 327 B.R. 79, 85 (Bankr. N.H. 2005); In re Prego Cruz, 323 B.R. 827, 831 (1st. Cir. BAP 2005) (citing Lure Launchers, LLC v. Spino, 306 B.R. 718 (1st Cir. BAP 2004). See also In re Torres, 336 B.R. 22, 25 (Bankr. P.R. 2005) applying same principle as to Rule 3002 (c). This court shares the perception expressed by the court in Eaton, that is, "[l]imitations of time and discretion may impose burdens on the parties.", and "may even lead to unwelcome results, but they prompt parties to act and they produce finality. " In re Eaton, 327 B.R. 85, (citing from Taylor v. Freeland & Kronz, 503 U.S. 638, 644, 112 S. Ct. 1644, 118 L.Ed. 280 (1992)).

---

[2] This court follows the decision in In re Van Toornburg, 2006 WL 3909929 (Bankr. P.R. June 26, 2006 (de Jesus, bankruptcy judge), that when a court exercises its discretion in violation of Rules 4004(b) [4007] and 9006 (b)(3), it may reconsider its position and vacate any order granting an improper extension, either explicitly or impliedly.

<u>Conclusion</u>

In view of the foregoing, the court finds that the complaint objecting to the dischargeability of Plaintiff's debt is time barred.  Therefore, Defendant's motion to dismiss is hereby GRANTED. The clerk shall enter judgment accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 31ˢᵗ day of March 2009.

                                    ENRIQUE S. LAMOUTTE
                                    U. S. Bankruptcy Judge